UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID,

    Plaintiff,

v.                                                Case No. 8:23-cv-2314-TPB-SPF

HILLSBOROUGH COUNTY SMALL CLAIMS
DIVISION 'P', (13TH JUD. CIR.), et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Elias Lou Abusaid's complaint, filed *pro se* on October 12, 2023. (Doc. 1). After reviewing the complaint, court file, and the record, the Court finds as follows:

Plaintiff, an experienced *pro se* litigant in state and federal courts,[1] filed this suit against Hillsborough County Small Claims Court, Florida's Second District Court

---

[1] Mr. Abusaid has been a plaintiff in at least fifteen civil cases in the Middle District of Florida, as well as a defendant in a federal criminal case where he was sentenced to 97 months in prison for drug offenses and possession of a firearm (ammunition) by a convicted felon. *See United States v. Abusaid*, No. 8:04-cr-490-EAK-TBM, 186 F. App'x 951 (11th Cir. 2006) (affirming criminal conviction and sentence). In addition, he has been a party in around fifty-seven cases in Hillsborough County that the Court is aware of, and he appears to have also litigated cases in Polk County. The following is a non-exhaustive list of *some* of Plaintiff's many state and federal lawsuits: *Abusaid v. Espinosa*, No. 8:02-cv-1291-SDM (M.D. Fla.) (suing state court judge for allegedly setting excessive bail in connection with arrest); *Abusaid v. City of Tampa*, 8:02-cv-1957-SDM (M.D. Fla.) (suing city for alleged constitutional violations and state law claims related to arrests); *Abusaid v. Hillsborough County Board of County Commissioners*, No. 8:03-cv-904-TBM (M.D. Fla.) (suing county commissioners, county, fire marshal's office, and sheriff's office for alleged constitutional violations and state law claims related to arrests); *Abusaid v. City of Tampa*, No. 8:03-cv-1938-SCB-MAP (M.D. Fla.) (suing city and others for alleged constitutional violations and state law claims related to police conduct at businesses); *Abusaid v. Hillsborough County State Attorney's Office*, No. 8:03-cv-

of Appeal, and a law firm based on his pending state court proceedings, asserting what he attempts to characterize as claims for deprivation of constitutional rights under 42 U.S.C. §§ 1983 and 1988. Plaintiff argues that his constitutional rights guaranteed by the First and Fourteenth Amendment were and are being violated due to the "internal operating procedures" of his small claims court proceedings. The lengthy and rambling complaint appears to take issue with state court actions, rulings and orders with which Plaintiff disagrees in relation to Case No. 23-cc-061535 (Fla. Hillsborough County Ct. 2023) and Case No. 2D23-1480 (Fla. 2d DCA 2023).

---

2463-EAK (M.D. Fla.) (suing county for alleged constitutional violations and state law claims arising from prosecution for battery in 1999); *Abusaid v. Cotter*, No. 8:04-cv-2022-EAK-MAP (M.D. Fla.) (suing mental health professional and related entity for constitutional violations and state law claims based on evaluation during state court proceedings connected to alleged sexual abuse of minor); *Abusaid v. United States*, No. 8:07-cv-919 (M.D. Fla.) (collaterally challenging criminal conviction); *Abusaid v. Warden, FCC Coleman – Low*, No. 5:09-cv-8-WTH-T_S (M.D. Fla.) (M.D. Fla. 2009) (collaterally challenging criminal conviction); *Abusaid v. United States*, No. 8:05-cv-74-RAL-EAJ (M.D. Fla.) (complaining of prison conditions at Hillsborough County jail); *Abusaid v. United States*, No. 8:07-cv-919-EAK-TBM (M.D. Fla.) (collaterally challenging conviction); *Abusaid v. United States*, No. 8:07-cv-1166-JDW-MAP (M.D. Fla.) (suing DEA agents for alleged violations of First, Fourth, Fifth, and Fourteenth Amendments based on investigation that led to his ultimate conviction); *Abusaid v. Secretary, Department of Corrections*, No. 8:07-cv-2239 (M.D. Fla.) (collaterally challenging 1993 conviction for carrying a concealed firearm, possessing marijuana, and possessing a firearm as a felon); *Abusaid v. United States*, No. 8:08-cv-1431-EAK-TBM (M.D. Fla.) (collaterally challenging criminal conviction); *Abusaid v. Hillsborough County*, No. 8:09-cv-713-RAL-EAJ (M.D. Fla.) (suing county for inverse condemnation, alleging a taking associated with the enforcement of a now invalid rave/dance hall ordinance); *Abusaid v. Hillsborough County Circuit Court*, No. 8:20-cv-121-VMC-CPT (M.D. Fla.) (suing state circuit court and appellate court based on alleged constitutional violations in paternity suit); *Abusaid v. Huang*, No. 21-cc-039351 (suing for unpaid invoice related to landscaping at residence); *Abusaid v. Huang*, 21-cc-089470 (suing for unpaid invoice related to landscaping at residence); *Abusaid v. Comfortable Care Dental Health Professionals PA d/b/a Wimauma Dental*, No. 23-cc-077300 (suing dental office for violations of FDUTPA, fraudulent concealment, breach of contract, unjust enrichment, and violation of state statute related to dental treatment plan).

*Younger Abstention Doctrine*

Based on the complaint, it is difficult to determine the exact status of Plaintiff's state court cases. To the extent Plaintiff seeks relief related to open, pending state court matters, this Court lacks jurisdiction over such claims under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding that a federal court should decline to intervene in a state proceeding absent a showing of bad faith, harassment, or a patently invalid state statute). Under the *Younger* abstention doctrine, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Eleventh Circuit has extended the *Younger* doctrine to § 1983 cases seeking damages. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985).

Upon consideration of these factors, the Court finds that abstention is warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending. Internal operating procedures of the state judicial system are a traditional area of state concern and implicate important state interests. Moreover, "[a] federal court should assume that state procedures will afford an adequate remedy [ ] in the absence of unambiguous authority to the contrary." *Abusaid v. Hillsborough County Circuit Court*, No. 8:20-cv-121-T-33CPT, 2020 WL 6060928, at *3 (M.D. Fla. Oct. 14, 2020) (internal quotation omitted). Plaintiff points

to no authority to rebut this presumption that the state courts provide an adequate opportunity to raise his constitutional challenges. Consequently, to the extent that Plaintiff seeks relief relating to any ongoing state court proceedings, the Court must refrain from exercising subject matter jurisdiction over this case.

### *Rooker-Feldman Doctrine*

Plaintiff appears to argue that this action should not be barred by the *Younger* abstention doctrine because his petition for writ of mandamus and motion for rehearing were denied by the Second District Court of Appeal, so there are no pending state court matters. To the extent Plaintiff seeks review of any final state court judgments, the Court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)). The Eleventh Circuit has explained that the *Rooker-Feldman* doctrine "applies only when litigants try to appeal state court losses in the lower federal courts." *Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021).

Based on the allegations and his requests for relief, Plaintiff appears to be seeking review and reversal of state court judgments against him. To the extent that he seeks to appeal his state court losses, the Court lacks jurisdiction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's complaint (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>23rd</u> day of October, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**